1
2
3
4
5
6
7                          UNITED STATES DISTRICT COURT

8                        NORTHERN DISTRICT OF CALIFORNIA

9

10   RICHARD LEET,                          Case No.  22-cv-08957-RS

             Plaintiff,

11

        v.                                 **ORDER GRANTING MOTION TO**
12                                         **DISMISS**

13   COUNTY OF SANTA CRUZ, et al.,

             Defendants.
14

15

16          Plaintiff Richard Leet avers that the County of Santa Cruz ("the County") either destroyed

17   or rehomed his service dog, Mocha, following his arrest on December 21, 2021. This suit raises

18   four claims for relief, including violation of the Americans with Disabilities Act, declaratory

19   relief, administrative and/or alternate mandamus, and negligence. The County moves to dismiss

20   under Federal Rule of Civil Procedure 12(b)(6) on the grounds that, contrary to Plaintiff's

21   assertion, it is not doing business as the Santa Cruz County Animal Shelter. Pursuant to the Joint

22   Powers Agreement ("JPA") signed by the County of Santa Cruz, the City of Santa Cruz, the City

23   of Scotts Valley, the City of Watsonville, and the City of Capitola, the Animal Shelter is a

24   separate public entity that "has the authority to incur debts, liabilities, or obligations," and to "sue

25   and be sued in its own name." Dkt. 12, Ex. A ("JPA"), at 6.[1] The JPA further specifies that "[t]he

26   debts, liabilities, and obligations of the Authority shall not constitute debts, liabilities, and/or

27

     ───────────────

28   [1] Defendant's request for judicial notice of the JPA, *see* Dkt. 12, is granted.

United States District Court
Northern District of California

1    obligations of any of the Parties." *Id.* at 2.

2         This motion is suitable for disposition without oral argument, *see* Civ. L.R. 7-1(b), and the

3    motion is granted. In light of the allocation of liability described in the JPA, which may properly

4    be considered in reviewing this motion, *see United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir.

5    2003), the County does not appear to be a proper defendant in this action. Plaintiff argues that the

6    County is jointly and severally liable for the Animal Shelter's conduct; while this is the default

7    rule, *see* CAL. GOV'T CODE § 6508.1, the JPA clearly specifies that liability attaches to the Animal

8    Shelter itself, not to the signatory parties. Plaintiff counters that the JPA includes as parties only

9    the cities listed above — not the County. It is true that the County is not named as a party in the

10   one sentence Plaintiff cites. *See* JPA, at 1 ("This Agreement, effective June 18, 2002, by and

11   among the Cities of Capitola, Santa Cruz and Scotts Valley (hereinafter referred to as 'Parties') is

12   entered into . . .").  However, the conclusion that the County is truly not a party to the JPA is

13   contradicted by both the immediately preceding sentence, *see id.* ("In order to establish, operate

14   and maintain an animal control and care authority for the Cities of Capitola, Santa Cruz and Scotts

15   Valley, *and the County of Santa Cruz* the Parties agree to the following[.]"), and by the County

16   representative's signature at the end of the document, *see id.* at 12. At best, this renders Plaintiff's

17   assertion that the County is liable because it is "doing business as County of Santa Cruz Animal

18   Control" implausible. Dkt. 1 ¶ 2. Thus, since all of the averred wrongful conduct flows from this

19   flawed characterization of the County and its relationship to the Animal Shelter, the complaint

20   does not plausibly state a claim.

21        The motion is therefore granted, with leave to amend for Plaintiff to name the Santa Cruz

22   County Animal Shelter as a defendant in this action and/or to describe how the County is liable for

23   the harm averred notwithstanding the JPA. Any amended pleading must be filed within 21 days of

24   the date of this order.[2]

25   _____

26   [2] Plaintiff's counsel is advised to review this District's Civil Local Rules before submitting future
     filings. First, Local Rule 7-3(a) states that an opposition "must be filed and served not more than
27   14 days after the motion was filed" — not 15 days, as Plaintiff's counsel states without support.
     Plaintiff is directed to adhere to this timeline in the future. Second, Local Rule 7-3(d) expressly

28

ORDER GRANTING MOTION TO DISMISS
CASE NO. 22-cv-08957-RS

2

1

2    **IT IS SO ORDERED**.

3

4    Dated: March 7, 2023

5    _____

6    RICHARD SEEBORG
    Chief United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

---

forbids the filing of Plaintiff's "sur-reply," *see* Dkt. 16, "without prior Court approval." Civ. L.R.
7-3(d). Plaintiff's counsel neither sought nor received such approval.